UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
UNITED STATES OF AMERICA,    :    CASE NO. 1:06-CR-345
                                                :
        Plaintiff,             :
                                                :
vs.                                           :    OPINION & ORDER
                                                :    [Resolving Doc. No. 45]
JOSEPH E. MIHALICH, AVERY KLEIN,  :
RICHARD OTTERMAN, PHILLIP F.         :
GEORGE, JR.,                             :
                                                :
        Defendants.         :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this motion, the Court decides whether to sever the criminal jury trial of Defendant Joseph E. Mihalich ("Mihalich") from that of Co-Defendant Avery Klein. Mihalich moves the Court to sever his trial from that of Co-Defendant Avery Klein ("Klein") pursuant to Rule 14 of the Federal Rules of Criminal Procedure. [Doc. 45.] The Government opposes this motion. [Doc. 59.] For the reasons presented below, the Court **DENIES** Mihalich's motion to sever.

I. Background

The Government indicted Mihalich and his accountant, Klein, on various counts of aiding and abetting, illegal gambling, conspiring to launder money, money laundering, and engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. Sections 2, 1955, 1956, and 1957. [Doc. 1]. The indictment charges that Mihalich and Klein, along with two other men, conducted an illegal gambling business through slot machines and instant bingo storefronts under the guise of charitable fund-raising for the Prisma Center. *Id.* The Government

-1-

Case No. 1:06-CR-345
Gwin, J.

joined Mihalich, Klein, and the two other men as principals, aiders and abettors, and co-conspirators in the crimes charged. *Id.*

Following his indictment, Mihalich moved to sever his case from that of Klein on the grounds that trying them together "would result in the prejudicial denial" of Mihalich's Fifth and Sixth Amendment rights. [Doc. 45.] The issue arises because Klein has indicated his willingness to testify as Mihalich's accountant in a separate trial and intention to invoke his Fifth Amendment privilege if he is tried with Mihalich. [Doc. 45-2.] Mihalich says that Klein "possess [sic] exculpatory evidence material to the issue of Defendant's guilt or innocence to the charges alleged in the indictment." [Doc. 45.] Mihalich does not provide any detail as to what this "exclupatory evidence" may be, but speaks vaguely of "statements made by Co-defendant Klein, in an accountant client relationship" that Mihalich relied upon in his dealings with the Prisma Center. *Id.* Klein provides an affidavit in support of Mihalich's motion to sever and also speaks vaguely of "advice given to Mr. Mihalich during the time period of the alleged conspiracy [that] was given in an accountant-client relationship and is highly exculpatory to the charges alleged in the indictment against Mr. Mihalich." [Doc. 45-2.] The original pleadings provide no further detail. The Government opposed Mihalich's motion. [Doc. 59.] Mihalich's reply provides scant additional detail regarding the "exculpatory nature" of his accountant-client relationship with Klein. [Doc. 67.] The four defendants' jury trial is scheduled to begin on October 23, 2006.

## II. Legal Standard

Rule 14(a) of the Federal Rules of Criminal Procedure allows a court to sever defendants' trials "[i]f the joinder of offenses or defendants . . . for trial appears to prejudice a defendant. . . ." FED. R. CRIM. P. 14(a). "In order to prevail on a motion for severance, a defendant must show

Case No. 1:06-CR-345
Gwin, J.

compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005).  As a general rule, persons jointly indicted should be tried together.  *See United States v. Stull*, 743 F.2d 439, 446-47 (6th Cir. 1984), *cert. denied*, 470 U.S. 1062 (1985).

A defendant's motion for severance to obtain a co-defendant's testimony must pass a "stringent test."  *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987).  The defendant must show "(1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; and, (4) that the codefendant will in fact testify."  *Id.*  The Sixth Circuit reviews denial of severance "only for a clear abuse of discretion."  *Saadey*, 393 F.3d at 678.

Regarding those few crimes requiring a specific intent, a defense of good faith reliance on the advice of one's accountant is available to a defendant who can establish that he (1) fully disclosed all pertinent facts to his accountant and (2) relied on his accountant's advice in good faith. *United States v. Duncan*, 850 F.2d 1104 (6th Cir. 1988).  This defense can negate a crime's specific intent element where the defendant shows that he relied on the advice of his attorney, accountant, or state officials in taking certain actions.  *See, e.g.*, *United States v. Swafford*, 2005 U.S. Dist. LEXIS 26890, at *13 (E.D. Tenn. Nov. 3, 2005); *United States v. Dixon*, 1999 WL 98578, at **4 (6th Cir. Jan. 27, 1999).  This defense is not available to counter general intent crimes.  *See, e.g.*, *United States v. Ables*, 167 F.3d 1021, 1031 (6th Cir. 1999) (18 U.S.C. § 1955 is a general intent statute and any good faith belief that the bingo operations were legal was not a defense to gambling and money laundering charges, because these offenses are general intent crimes).

Case No. 1:06-CR-345
Gwin, J.

### III. Analysis

Although his motion to sever is so vague as to challenge the well-pleaded complaint rule, Mihalich appears to say that disallowing his severance motion will unduly prejudice his case. Klein will provide exculpatory testimony if the Court severs the cases, but invoke his privilege against self-incrimination if the cases remain joined. According to Mihalich, Klein's silence will preclude Mihalich from exculpating himself and, thus, infringe his Fifth and Sixth Amendment rights.

The Court is unpersuaded.

First, information exchanged in the Mihalich-Klein relationship is discoverable and, therefore, available to Mihalich whether Klein testifies or not. "[N]o confidential accountant-client privilege exists under federal law, and no state-created privilege has been recognized in federal cases." *United States v. Arthur Young & Co.*, 465 U.S. 805, 836 (1984) (citation omitted). Even if such a privilege existed, it would be Mihalich's to waive. In his original motion and reply, Mihalich has not made clear how Klein's invocation of his right against self-incrimination could prejudice his case. If otherwise admissible, Mihalich remains able to attempt to offer testimony about his communications with Klein.

Second, Mihalich's motion to sever does not pass *Causey*'s "stringent test." Mihalich does not provide the nature of Klein's proposed testimony, any indication of its content, or show that Klein is the only source of the purported exculpatory information. As a result, Mihalich neither demonstrates a "bona fide need" for Klein's testimony, nor sufficiently details its "substance" to allow the Court to grant his motion for severance.

Likewise, Mihalich's vague pleadings preclude the Court's consideration of the possible exculpatory nature and effect of Klein's proposed testimony. Mihalich may be attempting to raise

-4-

Case No. 1:06-CR-345
Gwin, J.

a "good faith advice of accountant" defense. He can use this defense as against the specific intent crimes charged in Counts 3 through 30 of the indictment. Mihalich cannot use a reliance defense as against the general intent crimes in Count 1 and the Forfeiture Count. Again, Mihalich's pleadings make it impossible for the Court to weigh the relevance or importance of Klein's proposed testimony. As a result, Mihalich does not establish the "exculpatory nature and effect" of Co-Defendant Klein's proposed testimony as required by *Causey*.

Further, given the nature of the crimes charged, it is not clear that Mihalich would be able to establish the "good faith" element of a reliance defense. The statutes underlying Counts 3 through 30 prohibit financial transactions that involve proceeds derived from unlawful activity. *See* 18 U.S.C. §§ 1955, 1956(h), 1956(a)(1)(A)(i), and 1957. The statutes do not regulate the structure of the financial transactions themselves, but, rather, the "trafficking" of illegally gained monies.

Presumably Mihalich could raise a good faith reliance defense if the target of the illegal gambling and money laundering statutes was the prohibition of certain complex financial structures that Klein advised him to put in-place. But, that is not this case. Instead, the indictment charges that Mihalich and Klein moved "dirty" money around and that they knew they were doing so. To get out from under the charges, Mihalich would need to show that Klein advised him that the money was not illegally gained in the first place. That type of advice is the province of a lawyer, albeit a bad one, and not an accountant.

As the Supreme Court stated in *Boyle*, "[r]eliance by a lay person on a lawyer [or accountant] is of course common; but that reliance cannot function as a substitute for compliance with an unambiguous statute." 469 U.S. at 251. Sections 1955, 1956, and 1957 of Title 18 of the United States Code prohibit illegal gambling, money laundering, and using ill-gotten money in no uncertain

Case No. 1:06-CR-345
Gwin, J.

terms. Consequently, it is far from clear that Mihalich can argue, in good faith, that he relied on Klein's advice to violate an unambiguous statute. This is particularly the case given that, in his reply, Mihalich asserts that he relied on Klein's advice as to the legality of his transactions with the Prisma Center. To succeed on a reliance defense, Mihalich must show that such reliance is reasonable. Acting on "legal advice" from an accountant is not reasonable. Thus, even if the Court severed Klein's case and he testified on Mihalich's behalf, establishing the good faith element of the reliance defense appears beyond the defendants' reach.

Finally, Mihalich does not establish that Klein "will in fact testify if the cases are severed." In his affidavit supporting Mihalich's motion, Klein provides an incomplete waiver of his Fifth Amendment privilege. As such, the waiver is illusory and does not pass the "stringent test" required to grant severance. Mihalich has not shown specific and compelling evidence that substantial prejudice will result from the Court's denial of his Rule 14 motion.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Mihalich's motion to sever.

IT IS SO ORDERED.

Dated: October 16, 2006      s/ *James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE